**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | |
|---|---|
| **JESUS C. REYES,** ) | |
| ) | **Case No.** |
| **Plaintiff,** ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| **APEX TRUCKING, INC.,** ) | |
| **Serve Registered Agent:** ) | |
| **Travis Littlejohn** ) | |
| **6031 N Prospect Road** ) | |
| **Park City, KS 67204** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **CHRISTOPHER R. PRATHER,** ) | |
| **Serve at:** ) | |
| **1827 W. 18th Street N** ) | |
| **Wichita, KS 62703** ) | |
| **Defendants.** ) | |

**COMPLAINT**

COMES NOW Plaintiff Jesus Reyes, by and through his counsel, and for his cause of action against Defendants, alleges and states as follows:

**PARTIES:**

1. Plaintiff Jesus C. Reyes is an individual over the age of eighteen (18) and a resident of Le Center, Le Sueur County, Minnesota.

2. Defendant Apex Trucking, Inc. (hereinafter "Apex") is a Kansas corporation. At all times relevant hereto, defendant Apex operated as a commercial motor carrier in the state of Kansas. The registered agent for service of process is Travis Littlejohn, 6031 N Prospect Road, Park City, KS 67204.

3. Defendant Christopher R. Prather is an individual over the age of 18. Service may be had by serving him at his residential address, 1827 W. 18th Street N, Wichita, KS 62703.

1

At all relevant times herein, Defendant Prather was an employee of Defendant Apex, operating the subject tractor trailer and acting in the course and scope of his employment.

**JURISDICTION AND VENUE:**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiff exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and the Defendants.

5. A substantial part of the actions giving rise to Plaintiff's claims happened in the District of Kansas. Accordingly, venue is proper in this District pursuant to 28 U.S.C. §1391.

6. At all times herein mentioned, Defendants Apex and Prather conducted a substantial amount of business activity and committed a tort in this judicial district.

**AGENCY:**

7. At the time of the occurrences complained of herein, and at all times relevant, Defendant Apex was acting by and through its actual, ostensible, and/or apparent agents and employees, including by not limited to, Defendant Prather.

8. At the time of the negligent acts complained of herein, and at all times relevant, Apex's actual, ostensible, and apparent agents and employees, including but not limited to Defendant Prather, were acting within the course and scope of their agency or employment

**FACTS OF OCCURRENCE:**

9. I-35 is a public freeway running in a general southwest and northeast direction through the state of Kansas.

10. On July 15, 2019, at approximately 10:45 a.m., Plaintiff Jesus Reyes was operating a 2010 Kia Forte northbound on I-35 approaching milepost 116 in Chase County, Kansas. Because he had recently changed a flat tire and was driving on the smaller spare tire, he

was traveling approximately 50 miles per hour in the right lane (lane 2) with his vehicle's hazard lights flashing.

11. At said time and place, Defendant Prather was operating a 2005 Sterling L950 loaded dump truck and trailer, owned by and/or operated under the authority of Defendant Apex, traveling northbound on I-35 behind Plaintiff Reyes.

12. As Defendant Prather approached Plaintiff's vehicle traveling approximately 75 miles per hour, he failed to slow or stop his truck and crashed into the rear of Plaintiff's vehicle.

13. The impact caused Plaintiff's vehicle to jolt forward and resulted in significant damage to the rear and trunk of the Kia.

14. Following the impact, Defendant Prather told the investigating officer that he did not notice Plaintiff's vehicle in time to avoid the collision.

15. As a result of the collision with the Apex truck, Jesus Reyes suffered severe physical injuries, pain and suffering.

## COUNT I
### (Negligence)

16. Plaintiff incorporates by reference herein and re-alleges paragraphs 1 through 15, as fully as if herein.

17. At the time of the negligent acts complained of herein and at all times mentioned, Defendant Prather was an employee or agent of Defendant Apex and was operating Apex's truck within the course and scope of his employment and/or with express permission of defendant Apex. Therefore, defendant Apex is vicariously liable for the negligence of its employee, Defendant Prather.

18. At the time of the negligent acts complained of herein and at all times mentioned, Defendants Apex, through its employee or agent Defendant Prather, and Prather owed Plaintiff a

duty to operate his motor vehicle using the highest degree of care so as not to injure motorists or cause Plaintiff's injuries while utilizing the public roadway of I-35 in Kansas.

19. Defendants Apex and Prather breached their duty by operating their motor vehicle in a careless and negligent manner in at least the following respects:

    a. Failing to keep a careful and vigilant lookout;

    b. Following Plaintiff's Kia too closely;

    c. Failing to yield to vehicles in front of him;

    d. By causing his vehicle to crash into the rear of Plaintiff's Kia;

    e. Failing to maintain control of his vehicle and allowing it to crash into the rear of Plaintiff's Kia;

    f. Failing to stop, swerve or reduce speed;

    g. In failing to obey the applicable traffic laws;

    h. In negligently and carelessly operating his motor vehicle in further particulars presently unknown to Plaintiff but which is believed and alleged will be disclosed upon proper discovery procedures in the course of this litigation.

20. As a direct and proximate result of the negligence listed above, Defendant Prather crashed into Plaintiff's Kia with his vehicle.

**PLAINTIFF JESUS C. REYES' DAMAGES**

21. As a direct and proximate result of the carelessness and negligence of defendants, as more fully set forth above, Plaintiff Jesus Reyes sustained severe injuries to his back and left leg.

4

22. As a direct and proximate result of the carelessness and negligence of defendants, as more fully set forth above, Plaintiff Jesus Reyes has been caused to experience great physical pain and mental anguish.

23. As a direct and proximate result of the carelessness and negligence of defendants, as more fully set forth above, Plaintiff Jesus Reyes suffered lost wages and income and will suffer such losses in the future.

24. As a direct and proximate result of the negligence and careless of the Defendant, as set forth more fully above, Plaintiff Jesus Reyes incurred medical costs for medical care necessitated by his injuries and will incur such costs in the future.

25. As a direct and proximate result of the negligence and careless of the Defendant, as set forth more fully above, Plaintiff Jesus Reyes has suffered the loss of enjoyment of life.

WHEREFORE, Plaintiff Jesus Reyes prays judgment be entered in his favor against Defendants for such sums which are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as the Court deems just and proper under the premises.

## COUNT II
**(Negligence Per Se)**

26. Plaintiff incorporates by reference herein and re-alleges paragraphs 1 through 25, as fully as if herein.

27. On or about July 15, 2019, the State of Kansas had in full force and effect various traffic statutes.

28. Defendant Apex, by and through Defendant Prather, owed Plaintiff a duty to abide by those traffic statutes.

29.     Defendants' breach and violation of said traffic statutes constitutes actionable negligence per se.

30.     The specific statutes which were breached and violated are set forth in pertinent part:

    a. In failing to follow other vehicles at a reasonable and prudent distance in violation of K.S.A. § 8-1523; and

    b. In failing to drive his vehicle at a safe and appropriate speed when approaching a slow-moving vehicle with hazards flashing in violation of K.S.A. § 8-1557.

31.     These mentioned statutes were promulgated to protect drivers using Kansas roadways from collisions and injuries that result from said collisions.

32.     At the time of the above-described collision, Plaintiff was a member of the class of persons that these statutes were intended to protect and the injuries they sustained, which are more fully described above, are the type of injuries the statutes listed were designed to prevent.

33.     In violation of the statutes listed in Paragraph 30, Defendant Prather directly and proximately caused Plaintiff's injuries and damages, which are more fully set out above and herein incorporated.

WHEREFORE, Plaintiff Jesus Reyes, prays judgment be entered in his favor, against Defendants, for such sums which are fair and reasonable, together with any and all costs herein incurred and expended, and for such other and further relief as the Court deems just and proper under the premises.

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues raised here.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas, as the place of trial.

        **Respectfully submitted,**

        **BARTIMUS FRICKLETON ROBERTSON RADER, P.C.**

**BY:**    */s/ Michelle L. Marvel*
        **EDWARD D. ROBERTSON III,**    **KS #23028**
        **MICHELLE L. MARVEL**    **KS #23511**
        **11150 Overbrook Road, Suite 200**
        **Leawood, KS 66211**
        **(913) 266-2300 (tel)**
        **(913) 266-2366 (fax)**
        krobertson@bflawfirm.com
        mmarvel@bflawfirm.com

**ATTORNEYS FOR PLAINTIFF**