IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESUS C. REYES,

        Plaintiff,

        v.

APEX TRUCKING, INC., et al.,

        Defendants.

Case No. 20-2435-TC-ADM

**MEMORANDUM AND ORDER**

This case arises from a traffic collision that involved plaintiff Jesus C. Reyes and a dump truck that was driven by defendant Christopher R. Prather and owned by defendant APEX Trucking, Inc. The parties dispute the nature and extent of Reyes' injuries. Reyes has now filed a Motion for Protective Order Denying Ex Parte Interviews (ECF 21) in which he asks the court to prohibit ex parte communications between defense counsel and Reyes' healthcare providers or, alternatively, to decline to enter an order authorizing such communications because of Health Insurance Portability and Accountability Act of 1996 ("HIPAA") safeguards. Defendants oppose Reyes' motion, arguing that courts in this district permit counsel equal access to fact witnesses, including healthcare providers. Defendants further ask the court to enter a proposed order authorizing these ex parte communications. (ECF 28.) They assert that such an order comports with HIPAA privacy safeguards.

As explained in more detail below, Reyes' motion is denied because Reyes has not shown good cause for the requested protective order. Simply put, Reyes has not identified any governing law, any provision of the Federal Rules of Civil Procedure, or any persuasive authority that would prohibit defense counsel from interviewing healthcare providers who are presumably fact

witnesses in this action. The court will therefore authorize such communications to the extent that they are relevant to the subject matter of this action. However, the court will not enter defendants' proposed order because it is too broad in its current form.

## I.     PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR THE REQUESTED PROTECTIVE ORDER.

The court may issue an order, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (internal quotation marks omitted). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

For the reasons set forth below, Reyes has not shown good cause for the requested protective order. Reyes does not discuss Rule 26(c) or the good cause standard, nor does he advance any arguments that establish good cause.

### A.     Courts in This District Routinely Authorize Ex Parte Communications With Healthcare Providers in Order to Address HIPAA Concerns.

HIPAA and its implementing regulations generally prohibit HIPAA-covered entities from disclosing an individual's personal health information ("PHI"). But a covered entity may disclose PHI during the course of a judicial proceeding (i) as authorized by a court order, or (ii) in response to a formal discovery request, such as a subpoena, if accompanied by certain required notices and assurances. 45 C.F.R. § 164.512(e)(1). As a result, the unbroken weight of authority in this district has authorized such ex parte interviews and rejected arguments similar (or identical) to those made by Reyes here. *See, e.g.*, *D.M. ex rel. Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG,

2

2018 WL 6696561, at *1-*4 (D. Kan. Dec. 20, 2018) (Gale, J.); *Guarnotta v. Ashcom*, No. 18-1099-EFM-GEB, 2018 WL 2445033, at *2-*3 (D. Kan. May 31, 2018) (Birzer, J.); *Becker v. Estivo*, No. 14-2531-JAR-JPO, 2015 WL 758220, at *2 (D. Kan. Feb. 23, 2015) (O'Hara, J.); *Williamson v. Joslin*, No. 15-2657-JWL-TJJ, 2015 WL 5125421, at *2-*3 (D. Kan. Sept. 1, 2015) (James, J.); *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *1 (D. Kan. July 15, 2013) (Sebelius, J.); *Pratt v. Petelin*, No. 09-2252-CM-GLR, 2010 WL 446474, at *1 (D. Kan. Feb. 4, 2010) (Rushfelt, J.). The undersigned agrees with the reasoning articulated in these cases.

The court begins with the general rule that attorneys may speak to fact witnesses as they wish outside of the formal discovery process, with certain exceptions that are not apparent here (such as when prohibited by the Rules of Professional Conduct). *See Bryant v. Hilst*, 136 F.R.D. 487, 492 (D. Kan. 1991) ("One party generally may not limit the access of the other party to fact witnesses. The court believes that both parties should have unfettered access to fact witnesses . . . ."). Reyes' healthcare providers presumably possess relevant and discoverable information. Indeed, Reyes admits that he has produced medical records and provided defendants with medical record authorizations. And a plaintiff waives the physician-patient privilege by putting his or her medical condition at issue. *See Williamson*, 2015 WL 5125421, at *2. Courts have therefore entered orders authorizing ex parte interviews because prohibiting ex parte communications would allow one party unrestricted access to a class of fact witnesses "while requiring the other party to use formal discovery that could be expensive, [time-consuming], and unnecessary." *Pratt*, 2010 WL 446474, at *7. The undersigned therefore agrees with this district's "well-established practice of allowing informal *ex parte* interviews of plaintiff's treating physicians who are merely fact witnesses." *Paliwoda*, 2013 WL 3756591, at *2.

The court disagrees with Reyes' characterization that orders authorizing such ex parte interviews are advisory opinions or "order[s] into thin air." (ECF 21, at 4.) HIPAA-covered entities may be "cautious not to run afoul of [HIPAA]," and orders pursuant to § 164.512(e)(1)(i) "create[] an avenue for informal discovery that might not otherwise be available." *Lowen v. Via Christi Hosps. Wichita, Inc.*, No. 10-1201-RDR-KGS, 2010 WL 4739431, at *2 (D. Kan. Nov. 16, 2010); *see also Callahan v. Bledsoe*, No. 16-2310-JAR-GLR, 2017 WL 590254, at *2 (D. Kan. Feb. 14, 2017) ("Medical providers typically provide stringent procedures in complying with [HIPAA], as they fear violating it and, by extension, their patients' privacy."). They inform healthcare providers that a current or former patient's medical records and history are relevant in a lawsuit and that the providers "*may* discuss and/or release that patient's medical records to the party presenting such an order." *Callahan*, 2017 WL 590254, at *2. The orders function as "a procedural safeguard in protecting patients' privacy," *see id.*, while also furthering "the just, speedy, and inexpensive determination of every action," FED. R. CIV. P. 1; *see Lowen*, 2010 WL 4739431, at *3 (allowing ex parte communications with a plaintiff's healthcare providers "fits . . . squarely within the spirit of Rule 1").

### B. Kansas State Court Opinions Prohibiting Such Ex Parte Communications are Not Binding on This Court, Nor Are the Cases Reyes Cites Persuasive.

In lieu of arguments specific to this case, Reyes relies exclusively on Kansas state trial court orders and one Missouri Supreme Court order. (*See* ECF 21, at 4-10; ECF 21-1.) Generally, these orders discuss whether a court should prohibit an attorney from communicating ex parte with healthcare providers under HIPAA. The orders have no precedential value because the Federal Rules of Civil Procedure govern the scope of discovery in this case. *KCOM, Inc. v. Employers Mut. Cas. Co.*, 829 F.3d 1192, 1199 (10th Cir. 2016). Therefore, state court judges' rulings on the contours of allowable discovery in state court cases, which are subject to different discovery rules,

are not binding on this court. Accordingly, courts in this district have uniformly rejected attempts to rely on this line of state court cases. *See, e.g.*, *Guarnotta*, 2018 WL 2445033, at *2-*3; *Escalante v. Lifepoint Hosp.*, No. 17-2035-JWL-KGG, 2017 WL 2501070, at *1-*2 (D. Kan. June 9, 2017). That said, the court has reviewed those cases to determine whether they have any persuasive value and believes that certain reasoning in those cases warrants further discussion.

In *Bisariya v. Svetlana Sobolevskaya, D.D.S.*, the Honorable James F. Vano of the Johnson County District Court denied a defendant's request for ex parte interviews with the plaintiff's treating medical providers. No. 14 CV 7546, 2015 WL 4709706, at *1 (Kan. Dist. Ct. Aug. 6, 2015). In that case, Judge Vano identified legitimate concerns that, when such ex parte communications take place outside of formal judicial proceedings, "patients have no assurance that areas of inquiry and discussions between the treating doctor and defense lawyer will be kept within the relevant issues of this case" and it is "impossible for a patient or a Court to appropriately monitor the scope of the physician's disclosures." *Id.* at *8. As a policy matter, the court is sympathetic to these concerns. However, this court departs from Judge Vano's reasoning regarding the solution to address these concerns. The solution is *not* to altogether deprive defense counsel and treating physicians of the efficiencies associated with informal discovery. *See, e.g.*, *Pratt*, 2010 WL 446474, at *7 ("Witnesses, of course, may refuse to communicate *ex parte* and thus require the parties to resort to formal discovery procedures. Less expensive informal discovery, nevertheless, should be encouraged."). Rather, these concerns should be addressed by making sure the court order authorizing the ex parte communication is tailored to the issues in the case and the scope is clearly set forth in the order. That way, the patient's HIPAA-privacy rights are adequately protected by making sure that defense counsel and the healthcare provider know what subject matter is fair game without violating HIPAA. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(i)

5

(allowing the covered entity to disclose "only the protected health information authorized by such order").

## II. DEFENDANTS' PROPOSED ORDER IS NOT TAILORED TO THE ISSUES IN THE CASE.

In the alternative to entering a protective order, Reyes asks the court to refrain from entering an order authorizing defense counsel to interview Reyes' healthcare providers ex parte. Meanwhile, defendants attached to their response brief a proposed order authorizing these ex parte communications that they ask the court to enter. The court declines to enter this proposed order for several reasons.

First, the motion is procedurally improper because defendants did not file a separate motion seeking entry of this order. Second, defendants have not established that they met and conferred with Reyes about the scope of the order before presenting it to the court. Third, defendants' proposed order violates the principle set forth above in that it is not tailored to the issues in the case. As but a few examples, it is not limited to a relevant time frame or even the subject matter of this action. Rather, it seeks an order "directing *all health care providers* who have provided care and/or treatment to Jesus C. Reyes to produce *any and all health care records* within their custody and/or control pertaining to said person." (ECF 28, at 7 (emphasis added).) In other words, it seeks all of his medical records, ever. Furthermore, it states that "all medical records and protected health information in [the healthcare providers'] possession . . . s*hall be produced*." (*Id.* at 8 (same).) The court will not enter an order requiring non-parties to produce documents when they have not been given notice and an opportunity to be heard. *See, e.g.*, *Paliwoda*, 2013 WL 3756591, at *4 (refusing to allow a defendant to "bypass the procedures and protections afforded by Rule 45, which would result in the deprivation of the producing party's opportunity to contest the requested documents"). The proposed order also includes records relating to mental health,

6

substance abuse, HIV, and AIDS. (ECF 28, at 9.) This information is subject to statutory and regulatory protections in addition to HIPAA. *See Paliwoda*, 2013 WL 3756591, at *2-*3.

### III.   CONCLUSION

Reyes' motion is denied because he has not shown good cause for a protective order pursuant to Rule 26(c). The court will therefore authorize ex parte communications to the extent that they are relevant to the subject matter of this action. However, the court will not enter defendants' proposed order because it is too broad in its current form. Defendants may file a motion seeking entry of an order authorizing ex parte interviews with Reyes' healthcare providers. But, before doing so, defendants must first meet and confer with Reyes and attempt to reach agreement regarding the scope of the proposed order. If the parties are unable to reach agreement, they must first request a discovery conference with the undersigned before filing any motion. The motion will need to establish the relevance of the scope of the medical information sought, clearly set forth the scope of the authorized ex parte communications, and attach a revised proposed order that comports with applicable statutes and regulations. The proposed order must also be submitted in Word format to chambers via email to *ksd_mitchell_chambers@ksd.uscourts.gov*.

**IT IS THEREFORE ORDERED** that plaintiff Jesus C. Reyes' Motion for Protective Order Denying Ex Parte Interviews (ECF 21) is denied.

**IT IS SO ORDERED.**

Dated January 26, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge

7